## · JOHN W. FINNELL *v.* O. H. SAGE, ET AL.

**Real Estate—Lien on Machinery.**

Neither a flouring mill or the machinery in it is a fixture. Where land is sold on which is located such a mill, the mill and machinery go with the land, where not reserved in the conveyance.

**Conversion.**

Where land is conveyed on which is located a mill, in which is machinery, and no lien is reserved on such machinery, the person receiving such conveyance is not guilty of conversion by selling the same.

### APPEAL FROM THE KENTON CIRCUIT COURT.

### January 10, 1877.

OPINION BY JUDGE LINDSAY:

The petition and the evidence show that the property alleged to have been converted by Finnell were parts of and attachments to a planing mill. It is not complained that he committed a trespass in obtaining the possession of the property. The conversion is the gravamen of the complaint, and no relief is asked on any other account.

O. N., George R., and H. W. Sage, sold to Wellman, Price & Tureman a lot of land, and the planing mill and all the machinery thereto, situated on said land. Then to secure the payment of certain purchase money notes, it was agreed that the purchasers should have the right to dispose of any of the machinery then in the mill, and put other machinery in its place, with the understanding that the claim owing under their contract shall be a lien on all such machinery.

Afterwards Wellman & Price sold out their interest to their partner, Tureman, and one Madeira. These parties agreed to pay the notes still due and owing to the Sages. They removed certain of the planing mill machinery but they did not replace it. Upon the contrary they erected and put a flouring mill in operation in the house, and the property sold by Finnell was a portion of the machinery of that mill.

There is nothing in the record tending to show that either the planing mill or the flouring mill was a fixture. In retaining their original lien the Sages seemed to regard the planing mill and its machinery as separate and distinct from the realty. In the petition to enforce the lien filed in the Kenton Circuit Court, O. N. Sage alleged that the lien applied to the lot of land, together with the

planing mill and all the machinery therein. He then again recognized the fact that the realty, and the mill and machinery were separate and distinct from each other, and he did not claim that he held a lien on the flouring mill and machinery, unless that claim can be implied from the fact that it was then in the planing mill building.

The judgment rendered in his favor did not enforce his alleged lien either as to the planing mill or the flouring mill. It is utterly silent as to either mill or its attached machinery.

The commissioner was directed to sell as much of the land described in the pleadings and exhibits as might be necessary. The master reported that he had sold, and O. N. Sage purchased all the property ordered to be sold.

Upon these facts Sage rests his claim to the machinery and mill fixtures sold by Finnell. Unless they were so attached to the realty as to become part of it, then it is clear he held no lien upon them under the original contract of sale to Wellman, Price & Tureman. There is an utter absence of proof on this subject. He did not specially pray for a sale of said mill and fixtures in his action in the circuit court. His petition therefore created no lis pendens. And this is manifest from the further fact that Madeira, who was a joint owner, was not made a party to his suit at all.

The judgment and the commissioner's report of sale add nothing to Sage's claim of title, as the property is not mentioned in either.

Considering the failure of the proof to show that the flouring mill was a fixture, and the evident opinion of Sage that the planing mill was not a fixture, but was a movable mill, we do not perceive any substantial basis upon which to rest the conclusion that Sage either owned or had a lien upon or a claim to the property sold and converted by Finnell.

If the case had been tried by a jury, the court might with propriety have given a peremptory instruction in favor of the defendant, upon the plaintiff's own evidence, and as the plaintiff's right to recover was not strengthened by the testimony offered by the defendant, we think that it is palpable that the judgment should have been for the defendant.

Said judgment is, therefore, *reversed* and the cause remanded for a new trial upon principles not inconsistent with this opinion.

*George R. McKee, for appellant. Benton & Benton, for appellees.*